*Susan Degraw, ex'r, et al.* v. *Sarah Ann Clason.* A. W. CLASON, JUN., for complainants; E. SANDFORD, for defendant. The chancellor decided in this case that the exception in the 41st section of the article of the revised statutes relative to the court of chancery, (2 R. S. 102, 2d ed.), of trust property of a judgment debtor, from liability to creditors, was only intended to exempt the beneficial interest of the *cestui que trust* in those cases where he himself could not voluntarily alien his interest in the trust property. That in those cases a general assignment to a receiver will not convey to him an interest in a trust for the receipt of the rents and profits of lands, or of the interest or income of personal estate for the use of a cestui que trust, which by law is inalienable by the defendant.

*Exemption of trust property in creditor's suits.*

But that if the defendant himself has a right to sell his interest in the trust fund in anticipation, and use the proceeds of such sale as he pleases, equity requires that he should appropriate it to the payment of his honest debts.

That the owner of real or personal estate may create a trust in the rents and profits or income thereof, under the provisions of the revised statutes, for the use or benefit of a third person whom the donor does not think proper to entrust with the absolute disposition and control by anticipation. But that the law will not allow an absolute and uncontrollable right to property to be vested in a person, which he may use and dispose of as he pleases, by anticipation or otherwise, but in relation to which property he may set his creditors at defiance.

That a devise of real and personal estate to testator's sons subject to the payment of an annuity to the testator's wife during her life or widowhood, in lieu of dower, does not con-

stitute a trust within the meaning of the statute; so as to exempt the annuity from an assignment made by the wife as defendant in a creditor's suit,

Order directing defendant to execute a new assignment embracing the annuity. Costs to abide the event.